IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CATHERINE GOULD, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) THE PISA GROUP, INC. ) ) Serve: John Pisa ) 2120 Collier Corporate Parkway ) St. Charles, MO 63303 ) ) Defendant. ) | Case No. _____ JURY TRIAL DEMANDED |

## PETITION FOR CLASS ACTION RELIEF

COMES NOW Plaintiff Catherine Gould ("Gould"), individually, and all behalf of all others similarly situated, and for her Petition for Class Action Relief against Defendant The Pisa Group, Inc. states:

**Parties, Jurisdiction and Venue**

1. Gould is an individual who resides in Cook County, Illinois.

2. Gould brings this action on behalf of herself and all others similarly situated.

3. Defendant The Pisa Group, Inc. ("Pisa Group") is a Missouri corporation in good standing.

4. Pisa Group operates six call centers in the State of Missouri, including call centers in St. Louis County, Missouri.

5. This Court has personal jurisdiction over Pisa Group because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with



the State of Missouri, and such contacts are continuous and systematic.

## Background

6. Pisa Group is a nationwide telemarketing company working exclusively in newspaper subscription sales.

7. Pisa Group markets newspaper subscription sales in part through placing automated pre-recorded telephone calls to prospective customers' cell phones.

8. Each of the call centers operated by Pisa Group is equipped with a predictive dialer.

9. Gould is the owner of a cell phone and pays the bill for her cell phone account. Her cell phone number is 314-XXX-6696.

10. Gould did not provide her cell phone number to Pisa Group.

11. Gould had no prior business relationship with Pisa Group.

12. Gould did not grant Pisa Group prior express written consent to be called on her cell phone.

13. On or about February 15, 2017, Gould received a phone call on her wireless cellular phone from Pisa Group with pre-recorded message.

14. On or about February 16, 2017, Gould received a phone call on her wireless cellular phone from Pisa Group with pre-recorded message.

15. Upon answering her cell phone, Gould heard a pre-recorded message regarding a newspaper subscription.

16. The phone calls placed to Gould by Pisa Group were made for the purpose of selling newspaper subscriptions.

17. The phone calls placed to Gould by Pisa Group were made by a predictive dialer.

18. Pisa Group's conduct injured Gould and class members because their privacy has

Electronically Filed - St Louis County - February 20, 2017 - 11:05 AM

been violated, and they were subject to annoying and harassing phone calls that constituted a nuisance. Pisa Group's phone calls to wireless numbers intruded upon the rights of Gould and class members to be free from invasion of their interest in seclusion.

19. Pisa Group's conduct injured Gould and putative class members because they wasted time addressing or otherwise responding to the unwanted calls to their wireless numbers.

20. Pisa Group's calls to wireless numbers caused economic harm to class members by requiring them to pay their cell phone providers either for each phone call or incurring a usage allocation deduction to their cell phone plan.

21. On information and belief, Pisa Group placed phone calls *en masse* to wireless cellular numbers for the purpose of selling newspaper subscriptions. Pisa Group placed those calls to Gould and members of the putative class without first obtaining their prior express written consent.

### Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

22. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

23. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

24. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

Electronically Filed - St Louis County - February 20, 2017 - 11:05 AM

25. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

26. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

27. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

### Class Allegations

28. Pursuant to Missouri Rule of Civil Procedure 52.08, Gould brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

29. The proposed class which Gould seeks to represent is defined as follows:

> All persons in the United States who, from October 16, 2013 to the present, who received calls on their cell phone from Pisa Group or someone acting on its behalf and did not provide Pisa Group their prior express written consent to receive such calls.

30. On information and belief, Pisa Group used an automatic telephone dialing system to make the phone call to Gould's cell phone and to the cell phones of the putative class members. The device Pisa Group used to place the telephone calls to cellular numbers had the capacity to

Electronically Filed - St Louis County - February 20, 2017 - 11:05 AM

store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

31. Pisa Group' dialing system stored Gould's and the putative class members' cell phone numbers. The numbers were dialed without human intervention and utilized a pre-recorded voice message.

32. On information and belief, Pisa Group made phone calls to the cell phones of Gould and the members of the putative class without the recipients' prior express written consent.

33. On information and belief, Pisa Group placed telephone calls *en masse* to hundred if not thousands of wireless telephone numbers using a computerized automatic telephone dialing system.

34. By making calls to the cell phones of Gould and the members of the putative class without first obtaining their prior express written consent, Pisa Group violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(1).

35. Pisa Group knew or should have known that Gould and members of the putative class did not provide their prior express written consent to receive calls on their cellular phones.

36. Gould and the putative class are entitled to damages of $500.00 per call made by Pisa Group and up to $1,500.00 per call if the Court finds that Pisa Group willfully violated the TCPA.

37. On information and belief, there are thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

38. Gould's claims are typical of the class she seeks to represent. Gould and members of the putative class were called by Pisa Group through an automatic telephone dialing system and did not provide prior express written consent to be called on their cellular phones. Gould's claims

and the claims of the putative class are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Gould and members of the putative class.

39. There are questions of law and fact common to the class. Common questions include, but are not limited to:

    a. Whether Pisa Group made phone calls to the cell phones of the members of the putative class without obtaining the recipients' prior express written consent;

    b. Whether Pisa Group made phone calls to the cell phones of members of the proposed class using an automatic telephone dialing system;

    c. Whether the conduct of Pisa Group violates 47 U.S.C. § 227(b)(1)(A);

    d. Whether the conduct of Pisa Group violates the rules and regulations implementing the TCPA; and,

    e. Whether Gould and the members of the proposed class are entitled to increased damages based on the willfulness of Pisa Group' conduct.

40. Gould will fairly and adequately represent the putative class members. Gould has retained counsel experienced in the prosecution of class actions. Gould is committed to vigorously prosecuting the claims presented in this petition. Neither Gould nor Gould's counsel have any interests adverse or in conflict with the absent class members.

41. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

42. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

**Demand for Judgment**

WHEREFORE Plaintiff Catherine Gould, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant The Pisa Group, Inc., pursuant to Missouri Rule of Civil Procedure 52.08, certifying this action as a class action and appointing Plaintiff Catherine Gould as representative of the class;

b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c. Enter judgment in favor of Gould and the putative-class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated the TCPA;

d. Award Gould and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e. Award Gould and the class such further and other relief the Court deems just and appropriate.

Electronically Filed - St Louis County - February 20, 2017 - 11:05 AM

**Jury Trial Demanded**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
    David T. Butsch, #06205434
    Christopher E. Roberts, #06302857
    231 South Bemiston Avenue, Suite 260
    Clayton, MO 63105
    (314) 863-5700 (phone)
    (314) 863-5711(fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

Attorneys for Plaintiff Catherine Gould

Electronically Filed - St Louis County - February 20, 2017 - 11:05 AM